|  |  |
|---|---|
| WESLEY C. DORSEY, MARGARETE S. DORSEY, <br><br> Plaintiffs, <br><br> v. <br><br> GARY KREEP, <br><br> Defendant, <br><br> LEAVITT INVESTMENT CO., <br><br> Real Party in Interest. | Case No.: 18-cv-02588-AJB-MSB <br><br> **ORDER:** <br><br> **(1) DISMISSING COMPLAINT WITH PREJUDICE AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(i); and** <br><br> **(2) DENYING MOTION TO PROCEED** *IN FORMA PAUPERIS* **AS MOOT** <br><br> **(Doc. Nos. 1, 2)** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Pro se Plaintiffs Wesley C. Dorsey, Jr. and Margarete S. Dorsey ("Plaintiffs") filed a Complaint against Defendant Judge Gary Kreep ("Defendant Judge Kreep") alleging fraud on the court and violation of the Due Process Clause of the Fourteenth Amendment. (Doc. No. 1.) Plaintiffs have not paid the $400 filing fee required to commence this action, but instead have filed Motions to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (Doc. No. 2.) For the reasons set forth below, the Court **DISMISSES** Plaintiffs' Complaint **WITH PREJUDICE** and **DENIES AS MOOT** Plaintiffs' IFP Motions.

//

//

1

## I. Sua Sponte Screening Under 28 U.S.C. § 1915(e)

### A. Standard of Review

Any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court if it finds the complaint is frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]"). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

### B. Factual Background and Plaintiffs' Allegations

In 2015, Leavitt Investment Company ("Leavitt") filed an unlawful detainer action against Plaintiffs in the Superior Court for the County of San Diego. (Doc. No. 1 at 4) (citing *Leavitt Investment Company v. Dorsey*, Case No. 37-2015-00038520-CL-UD-CTL). Defendant Judge Kreep presided over Plaintiffs' unlawful detainer trial. (*Id.* at 5.) A key issue at trial was whether the notice Leavitt provided was proper. (*See id.* at 5–8.) On this issue, Plaintiff Wesley C. Dorsey, Jr. testified, "I received three-day notices. I continued to make payments. I continued to receive three-day notices up until November 10th." (*Id.* at 5.) What happened next is the focus of Plaintiffs' Complaint. (*See id.*) Based on Mr. Dorsey's testimony, Defendant Judge Kreep made an implied finding of fact that Mr. Dorsey admitted to receiving notice, thus curing any alleged defect in service. (*Id.* at 5, 7–8.) Plaintiffs allege that Defendant Judge Kreep misconstrued Mr. Dorsey's testimony. (*Id.* at 5.) Specifically, Plaintiffs allege that Mr. Dorsey's testimony regarding the "November 10th" date was in reference to the date that Leavitt returned Plaintiffs' uncashed rent check via certified mail, not the date that Mr. Dorsey received the three-day notice. (*Id.*) After trial, judgment was entered for Leavitt, Plaintiffs' lease was forfeited, and a writ of possession was issued and effected on March 14, 2016. (*Id.*)

Plaintiffs filed two motions for a new trial, both of which were denied. (*Id.* at 6.) In his denial of Plaintiffs' renewed motion for a new trial, Defendant Judge Kreep stated that Plaintiffs waived any objection to the service of the three-day notice by failing to object at trial. (*Id.*) Plaintiffs appeared ex parte on December 5, 2016 to argue the point further. (*Id.*) Defendant Judge Kreep denied Plaintiffs' ex parte application. (*Id.* at 6–7.)

Plaintiffs appealed Defendant Judge Kreep's judgment to the Appellate Division of the Superior Court for the County of San Diego. (*Id.* at 4, 6.) The Appellate Division affirmed. (*Id.* at 7.) On February 29, 2017, Plaintiffs filed a petition for rehearing. (*Id.*) On March 2, 2017, the Appellate Division issued a modified statement of decision denying the petition for rehearing and reaffirming their prior ruling. (*Id.* at 8.)

Plaintiffs then filed a Complaint in this Court. (Doc. No. 1.) Plaintiffs' Complaint alleges Defendant Judge Kreep committed fraud on the court and violated Plaintiffs' due process rights when, at Plaintiffs' renewed motion for new trial and ex parte hearing, he failed to advise Plaintiffs that he had made an implied finding of fact that Mr. Dorsey's testimony constituted an admission that he had received notice. (*Id.* at 10–14.)

Plaintiffs' Complaint asks this Court to (1) declare Defendant Judge Kreep's judgment void for fraud on the court, (2) dismiss the unlawful detainer action against Plaintiffs with prejudice, and (3) direct the San Diego Superior Court to seal the records from Plaintiffs' unlawful detainer case. (*Id.* at 14–15.) In the alternative, Plaintiffs request that this Court require the San Diego Superior Court to grant Plaintiffs a new trial. (*Id.* at 15.)

C. <u>The Court Does Not Have Jurisdiction over Plaintiffs' Claims</u>

District courts lack subject matter jurisdiction to review appeals from state court judgments. *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983). Accordingly, lower federal courts cannot adjudicate actions brought by "state-court losers" seeking relief from "state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobile Corp. v. Saudi Basic Industries, Corp.*, 544 U.S. 280, 284

(2005)). The *Rooker-Feldman* doctrine precludes a federal district court from exercising jurisdiction over general constitutional challenges that are "inextricably intertwined" with claims asserted in state court. *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (quoting *Feldman*, 460 U.S. at 486 n.16). "Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

Here, although Plaintiffs state two causes of action against Defendant Judge Kreep, Plaintiffs are essentially arguing against the judgment he rendered in their state unlawful detainer action. (*See generally* Doc. No. 1.) For instance, in their Complaint, Plaintiffs state the actions that allegedly violated their rights occurred during two hearings during their unlawful detainer case. (*Id.*) If this Court were to declare that Defendant Judge Kreep violated Plaintiffs' rights at these hearings by not advising them that Mr. Dorsey's testimony amounted to an admission that he received notice, this Court would essentially be reversing Defendant Judge Kreep's state court judgment. Thus, Plaintiffs' claims in this Court are "inextricably intertwined" with the state court claims, and this Court lacks jurisdiction to hear them under the *Rooker-Feldman* doctrine. *See Does & Assocs. Law Offices*, 252 F.3d at 1030.

D. <u>Plaintiffs' Claims are Duplicative</u>

In addition, a preliminary review of Plaintiffs' Complaint shows that it is subject to sua sponte dismissal because it is duplicative of two other actions filed, and dismissed, in the Southern District of California in 2017 and 2018, respectively. They are:

1) *Dorsey v. Leavitt Investment Company*,
   Case No. 3:17-cv-00615-DMS-JMA ("*Dorsey I*") (Doc. No. 1)
2) *Dorsey v. Kreep*,
   Case No. 3:17-cv-00871-WQH-NLS ("*Dorsey II*") (Doc. No. 8)[1]

---

[1] In *Dorsey I*, Judge Sabraw granted Plaintiffs leave to proceed IFP, but sua sponte dismissed Plaintiffs' claim because all the named Defendants were judges, and thus immune from civil liability. (*See Dorsey*

4

18-cv-02588-AJB-MSB

A court may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). A complaint is considered frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations omitted). To determine whether a suit is duplicative, courts in the Ninth Circuit "borrow from the test for claim preclusion." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). This is a two-part test. *Id.* at 689 "[I]n assessing whether the second action is duplicative of the first, [the court] examine[s] whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* ; *see also Chatman v. Super 8 Motel Co.*, No. 3:18-cv-00213-BAS (NLS), 2018 WL 985564, at *3 (S.D. Cal. Feb. 20, 2018); *Green v. Solis*, No. 3:18-cv-01804-CAB (BLM), 2018 WL 4772135, at *4 (S.D. Cal. Oct. 3, 2018). Courts apply a transactional test to determine whether two causes of action are similar. *Adams*, 487 F.3d at 689. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Id.* (quoting *W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992) and citing RESTATEMENT (SECOND) OF JUDGMENTS § 24(1) (AM. LAW. INST. 1982)). Courts consider four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two

---

*I*, Doc. No. 4.) In *Dorsey II*, Judge Hayes dismissed Plaintiffs' action with prejudice finding that the federal court lacked jurisdiction under the *Rooker-Feldman* doctrine. (*Dorsey II*, Doc. No. 18 at 11–12.) Further, Judge Hayes denied Plaintiffs' request for leave to amend, finding that amendment would be futile. (*Id.*)

5

18-cv-02588-AJB-MSB

suits arise out of the same transactional nucleus of facts.

*Id.* (quoting *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982)). "The last of these criteria is the most important." *Constantini*, 681 F.2d at 1202.

The Court holds that Plaintiffs' claims in this instant action are duplicative of those in *Dorsey I* and *Dorsey II*. First, in *Dorsey I* and *Dorsey II*, Plaintiffs alleged, as they do in this case, that Defendant Judge Kreep violated their due process rights at the renewed motion for a new trial in their unlawful detainer case. (Doc. No. 1 at 11–13); (*Dorsey I*, Doc. No. 1 at 18–19); (*Dorsey II*, Doc. No. 8 at 12.) Additionally, in *Dorsey I* and *Dorsey II*, Plaintiffs alleged Defendant Judge Kreep violated these rights when he: (1) failed to address Plaintiffs' contentions that service of the three-day notice was defective and that Leavitt filed their complaint prematurely, and (2) when he failed to rule on whether there was sufficient evidence to justify the court's decision. (*Dorsey I*, Doc. No. 1 at 18–19); (*Dorsey II*, Doc. No. 8 at 12.) And in *Dorsey I* and *Dorsey II*, Plaintiffs alleged Defendant Judge Kreep violated their due process rights at the ex parte hearing when he failed to address Plaintiffs' contention that an objection to service cannot be waived. (*Dorsey I*, Doc. No. 1 at 19–20); (*Dorsey II*, Doc. No. 8 at 13.) In this case, Plaintiffs again contend that Defendant Judge Kreep violated Plaintiffs' due process rights at the renewed motion for new trial and ex parte hearing. (Doc. No. 1 at 11–14.)

Here, however, Plaintiffs additionally argue Defendant Judge Kreep violated their rights when he failed to disclose his implied finding of fact that Mr. Dorsey's testimony amounted to an admission that he received notice. (*Id.*) But while Plaintiffs' current due process claims differ slightly from those in *Dorsey I* and *Dorsey II*, they ultimately allege the same cause of action, against the same party, for conduct that arises out of the same "transactional nucleus of facts" as the due process claims pled in *Dorsey I* and *Dorsey II*. *See Adams*, 487 F.3d at 689.

The other remaining claim in Plaintiffs' Complaint before this Court—fraud on the court—is also duplicative. (Doc. No. 1 at 10–11.) In their original complaint in *Dorsey II*, Plaintiffs alleged, as they do here, that Defendant Judge Kreep committed fraud on the

6

court at the ex parte hearing in their unlawful detainer case. (Doc. No. 1 at 11); (*Dorsey II*, Doc. No. 1 at 16–17.) Specifically, Plaintiffs previously alleged that Defendant Judge Kreep committed fraud by "act[ing] intentionally to ensure the trial courts judgment . . . remained in favor of Leavitt" by failing to address Plaintiffs' contention that their objection to service could not be waived. (*Dorsey II*, Doc. No. 1 at 16–17.) Plaintiffs omitted their allegations of "fraud on the court" from their first amended complaint in *Dorsey II*. (*Dorsey II*, Doc. No. 8.) However, their allegations against Defendant Judge Kreep—that they were harmed when he failed to address their contention that their objection to service could not be waived—were substantively the same. (*Dorsey II*, Doc. No. 1 at 16–17, Doc. No. 8 at 13.) In the Complaint before this Court, Plaintiffs' factual allegations are slightly different. (Doc. No. 1 at 10–11.) Plaintiffs allege Defendant Judge Kreep committed fraud at both the ex parte hearing and renewed motion for new trial by failing to disclose his implied finding of fact that Mr. Dorsey's testimony amounted to an admission that he received notice. (*Id.*) Nevertheless, Plaintiffs' fraud on the court claims allege almost identical harms, against the same party, arising out of the same "transactional nucleus of facts" as those from *Dorsey I* and *Dorsey II*. *See Adams*, 487 F.3d at 689.

Because Plaintiffs' pending Complaint alleges the same facts, based on the same incident, and re-alleges the same claims against Defendant Judge Kreep as in the previously-filed complaints in *Dorsey I* and *Dorsey II*, this Court must dismiss this action as duplicative and frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Cato,* 70 F.3d at 1105 n.2*; Nordstrom*, 762 F.3d at 920 n.1.

## II. Conclusion and Orders

Accordingly, the Court **DISMISSES** this action with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) (Doc. No. 1), and **DENIES** Defendant's request to proceed IFP **AS MOOT** (Doc. No. 2). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (leave to amend is not required if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal citations omitted); *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) (noting that if claims are frivolous, "there

is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

The Clerk of Court is **DIRECTED** to **CLOSE** this matter.

**IT IS SO ORDERED.**

Dated: November 13, 2019

Hon. Anthony J. Battaglia
United States District Judge